UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0644-B-1 |
| | § | |
| DIAB QAWASMEH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Diab Qawasmeh's motion for compassionate release (Doc. 53). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On September 14, 2018, the Court sentenced Qawasmeh to 108 months of imprisonment and three years of supervised release after Qawasmeh pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. Doc. 40, J., 1–3. Qawasmeh is currently thirty-five years old and serving his sentence at Big Spring Correctional Institution (CI), with a statutory release date of July 17, 2025.[1] As of February 2, 2021, Big Spring CI has 105 active cases of COVID-19 among its inmates and 410 recovered cases.[2]

On December 15, 2020, Qawasmeh filed a motion seeking compassionate release "based on

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed February 2, 2021).

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus (last accessed February 2, 2021).

- 1 -

the 'extraordinary and compelling reasons' presented by the COVID-19 pandemic." Doc. 53, Def.'s Mot., 1. The Court considers this motion and Qawasmeh's brief in support (Doc. 54) below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

*A.    Qawasmeh Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

In support of his motion, Qawasmeh provides a copy of a letter he sent the warden, dated July 6, 2020, requesting compassionate release, as well as a letter Qawasmeh received from the facility administrator, dated July 10, 2020, denying his request. Doc. 54, Def.'s Br., 25–26.[4] Qawasmeh's request letter shows it was received on July 8, 2020. *See id.* at 26. Therefore, Qawasmeh has shown that more than thirty days have lapsed between the warden's receipt of his request and the filing of Qawasmeh's motion. *Id.* Thus, Qawasmeh has satisfied the exhaustion requirement under § 3582. *See Ezukanma*, 2020 WL 4569067, at *2–5. Having determined that Qawasmeh satisfied the exhaustion requirement, the Court turns to the merits of his compassionate-release motion.

B.   *Qawasmeh Fails to Show Extraordinary and Compelling Reasons for Compassionate Release.*

Although Qawasmeh exhausted his administrative remedies, he has not demonstrated "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[5] In particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-

---

[4] The first page of Qawasmeh's brief (Doc. 54) is labeled as page "3" and the attached exhibits lack pagination. To avoid confusion, the Court cites to the pages in the order in which they appear. For example, the Court cites the first page as "1" instead of "3."

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

care within the environment of a correctional facility and from which he . . . is not expected to recover." § 1B1.13 cmt. n.1.

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[6] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Qawasmeh claims that compassionate release is warranted because he suffers from "a medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility." Doc. 54, Def.'s Br., 2 (alterations incorporated). He also claims that "high risk conditions" at Big Spring CI "place him at a particularly high risk of severe illness or death if he contracts COVID-19." *Id.* at 11. For example, Qawasmeh claims that "it is impossible for a prisoner in [his] position to practice . . . 'social distancing' to protect himself" because "he shares a bunk in a room with at least 100 other inmates." *Id.* at 10.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country. Further, the Court does not discredit Qawasmeh's concern for his own health while incarcerated during a global pandemic. However, Qawasmeh's generalized concerns about the spread of COVID-19 and lack of social distancing at

---

[6] Additionally, the Fifth Circuit noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing.]" *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

Big Spring CI do not give rise to extraordinary and compelling reasons for compassionate release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Big Spring CI. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Qawasmeh does not allege conditions at Big Spring CI that affect him personally; he only complains of conditions that affect all inmates. *See generally* Doc. 54, Def.'s Br. Accordingly, these conditions do not constitute extraordinary and compelling reasons for his release.

Moreover, Qawasmeh does not specify any medical condition from which he claims to suffer that would increase his risk of severe infection should he contract COVID-19. *See generally* Doc. 54, Def.'s Br. In his letter to the warden, Qawasmeh only explains that he "ha[s] a serious medical condition which causes severe pain at the right lower side of [his] back resulting from a bony and spiky bump." *Id.* at 26. While the Court does not discount the pain this condition causes him, Qawasmeh has not explained or demonstrated how this condition constitutes "a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care" while incarcerated at Big Spring CI, nor does he allege that he is not expected to recover from the pain he is experiencing. *See* § 1B1.13 cmt. n.1. It is also unclear how this condition worsens the risks associated with the lack of social distancing or other alleged "high risk conditions" at Big Spring CI. Doc. 54, Def.'s Br., 11.

The Court finds that Qawasmeh has not demonstrated extraordinary and compelling reasons for his release. Accordingly, the Court **DENIES** his motion for compassionate release (Doc. 53).

C.  *The Court Lacks Authority to Grant Qawasmeh's Request for Home Confinement.*

Though it is styled as a motion for compassionate release, Qawasmeh's motion also requests

home confinement. Doc. 54, Def.'s Br., 1 (petitioning the Court to "reduce his sentence to time served combined with months of home confinement as a condition of supervised release"). Qawasmeh's request to be released on home confinement is denied. It is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (noting that requests for home confinement "are properly directed to the [BOP]"). Thus, this Court lacks the authority to order home confinement. Insofar as Qawasmeh requests to serve the remainder of his sentence under supervised release, his request is denied because he has not demonstrated extraordinary and compelling reasons warranting his release from Big Spring CI.

## IV.

## CONCLUSION

Qawasmeh's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Qawasmeh's motion (Doc. 53) **WITHOUT PREJUDICE**.

By denying his motion without prejudice, the Court permits Qawasmeh to file a subsequent motion for compassionate release in the event that his circumstances change, and he can both: (1) satisfy the exhaustion requirement with respect to such changed circumstances, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

Lastly, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553(a). § 3582(c)(1)(A). Because Qawasmeh has not demonstrated extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: February 8, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE